UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FREDERICK WHITFIELD,          )
                              )
        Plaintiff,            )
                              )
    v.                        )      No. 4:09-CV-434-TCM
                              )
EQUIFAX, et al.,              )
                              )
        Defendants.           )

**ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Frederick Whitfield for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff brings this action for defendants' alleged failure "to remove years of misreported credit mistakes on [his] credit report." He seeks unspecified monetary relief. Plaintiff states that the jurisdictional grounds for filing this action in federal court are, as follows: "Civil rights violations which I believe caused a form of genocide." The Court will liberally construe the complaint as having been brought pursuant to 28 U.S.C. § 1332.[1]

The Court finds that this action should be dismissed, without prejudice, for lack of federal-court subject matter

---

[1] The named defendants are not state actors, and thus, there can be no cause of action under 42 U.S.C. § 1983. Moreover, plaintiff does not claim that the instant action arises under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331.

jurisdiction.  Plaintiff has failed to satisfy the amount-in-controversy requirement under 28 U.S.C. § 1332.  Moreover, plaintiff's allegations fail to state a claim or cause of action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks jurisdiction over this action and the complaint fails to state a claim or cause of action.  *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order of dismissal shall accompany this order and memorandum.

Dated this 24th day of March, 2009.

                      **/s/ Jean C. Hamilton**
                      **UNITED STATES DISTRICT JUDGE**